# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK MATTHEW FERGUSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00640 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TIMOTHY TRENT, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondents. | ) | |

*Mark Matthew Ferguson, Pro Se Petitioner.*

Petitioner Mark Matthew Ferguson, a Virginia inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254, challenging his continued pretrial detention. After review of the petition, I find it appropriate to summarily dismiss the petition without prejudice, because Ferguson has not exhausted his available state court remedies as required.[1]

According to the petition and state court records available online, Ferguson faces charges in the Circuit Court for the City of Lynchburg that he violated the terms of his probation or suspended sentences. Ferguson claims that he has been wrongfully detained without bond pending trial. He complains that previously, the circuit court had granted him release on his own recognizance, with an unsecured

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

bond of $5,000, and he did not violate his bond-release conditions. Ferguson claims that counsel was ineffective for failing to obtain the petitioner's release on bond, for failing to invoke the petitioner's right to a speedy trial, and for agreeing to continuances. He also claims that the charges of probation violation are false and that the circuit court's denial of bond and the bail system in general are arbitrary and discriminatory. As relief, Ferguson seeks immediate reinstatement of his release under the previously imposed, unsecured bond.

Ferguson states that he has not presented his current claims to the higher state courts on appeal or in habeas corpus proceedings. Online court records verify that he did not appeal and has not pursued habeas relief in the state courts. Instead, Ferguson states that this federal court is the highest court in the state with jurisdiction and offers his only available remedy. He is mistaken.

Ferguson is essentially appealing the circuit court's bond ruling to this federal court. Lower federal courts like this one, however, do not have jurisdiction to review the judgments of state courts on appeal. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. *Id.*; 28 U.S.C. §1257. Therefore, to the extent that Ferguson is appealing to this court and asking me to reverse the circuit court's denial of bond, I cannot do so.

On the other hand, this court does have jurisdiction to address Ferguson's habeas corpus claims, if he shows that his current confinement is in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(a) (recognizing this court's habeas authority even absent final state court judgment); *Plyler*, 129 F.3d at 732 (with final state court judgment). Regardless of the nature of the petitioner's habeas claims, however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state that is keeping him confined. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding exhaustion requires seeking review of habeas claims in highest state court before bringing § 2254 habeas petition in federal court); *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973) (same, regarding § 2241 habeas petition).

Ferguson's submissions indicate that he has not presented all of his claims to the trial court and has not presented any of his claims to a higher state court on appeal or in habeas corpus proceedings. Ferguson may present his claims regarding denial of bond and speedy trial rights to the circuit court as part of the pretrial proceedings. If dissatisfied there, he may pursue a direct appeal to the Court of Appeals of Virginia and then to the Supreme Court of Virginia. Ferguson could also file a habeas corpus petition in the circuit court where he was sentenced, with a subsequent appeal to the Supreme Court of Virginia, or he could file a

habeas petition directly in the Supreme Court of Virginia. *See* Va. Code Ann. § 8.01-654.

Because Ferguson has available state court remedies, I must dismiss his § 2254 petition without prejudice.[2] *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

A separate Final Order will be entered herewith.

DATED: December 11, 2014

/s/ James P. Jones
United States District Judge

---

[2] Ferguson is advised that dismissal of this petition without prejudice leaves him free to file a new § 2254 petition here, if warranted, after he has exhausted his state court remedies and has received a ruling on his claims from the Supreme Court of Virginia. *But see* 28 U.S.C. § 2244(d) (setting time limits for filing a § 2254 petition, although the time does not run while properly filed state post-conviction proceedings are underway).